# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71264-1-I |
| | ) | (consol. under 71265-9-I) |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DEVIN L. FORD, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 29, 2014 |
| | ) | |

PER CURIAM — Devin Ford appeals the sentence imposed following his guilty plea to possession of heroin and possession of methamphetamine with intent to deliver. He contends, and the State concedes, that the court's decision to deny a DOSA was improperly based on disputed facts and that the court should have held an evidentiary hearing before considering those facts. We accept the concession of error.

Ford also contends the matter must be remanded for resentencing before a different judge because the original judge was "exposed to prohibited . . . information." Reply Br. at 2. But the information at issue was not prohibited so long as it was subjected to an evidentiary hearing, and any judge sentencing Ford on remand will be exposed to the same evidence in the process of holding an evidentiary hearing. The cases cited by Ford are distinguishable in that they involved judges who either demonstrated potential bias or considered prohibited unwarned admissions. State v. Talley, 83 Wn. App. 750, 759, 923 P.2d 721 (1996); State v. Bankes, 114 Wn. App. 280, 289, 57 P.3d 284 (2002).

Remanded for further proceedings consistent with this opinion.

FOR THE COURT:

Appelwick, J

Jay, J

Leach, J.